# Clark v. Price, Appellant.

*Contract—Agreement to purchase real estate—Instalments—Affidavit of defense.*

Where an agreement for the sale of land provides for the payment of the purchase money in instalments, and stipulates that the first twelve months' instalments shall be retained by the vendor as liquidated damages in case of default by the vendee, and the vendee pays nine instalments, and thereafter enters into a new contract with the vendor for the purchase of additional land, and in the new contract it is agreed that the cash payment shall be an amount, which was the equivalent of the nine instalments paid under the first agreement, and described in the second agreement as " allowance for cash paid on old book this day canceled," and it is further stipulated in the second agreement that the first six months' instalments shall be retained by the vendor as liquidated damages for the breach of the contract, the vendee cannot claim after a breach of the contract that

the cash equivalent of the nine instalments paid under the first contract was not an instalment within the meaning of the words, "the first six months' instalments," in the second contract, and especially so where the vendor, in a suit against him, avers, in an affidavit of defense, that the vendee had frequently admitted that he had no claim to the said sum, and that the vendor thereupon elected to retain said sum as liquidated damages.

Argued Dec. 13, 1901.    Appeal, No. 246, Oct. T., 1901, by defendants, from order of C. P. No. 1, Phila. Co., making absolute rule for judgment for want of a sufficient affidavit of defense in case of Harry C. Clark v. Stephens S. Price and The Real Estate Trust Company of Philadelphia, Trustee under will of Margaret S. Price, Deceased.    Before RICE, P. J., BEAVER, ORLADY, and W. D. PORTER, JJ.    Reversed.

Assumpsit for money had and received.

The plaintiff's statement alleged that he paid $275 at the execution of written articles for the sale of land dated June 15, 1899, and thereafter had paid two instalments of $30.00 and $25.00 on account of the price, making $330 in all, and then defaulted.    He claimed that under the contract he was entitled to a return of $275.

The material portions of this contract were as follows:

"Now this indenture witnesseth, that the said party of the second part hereby agrees with the said party of the first part, that he will pay the said sum of $1,500, to wit: $275 cash upon the signing of this agreement, allowance for cash paid on old book this day canceled, and the balance thereof in monthly instalments of $30.00 each on the first day of each month until the whole amount is paid in full. . . .

"It is further agreed that in case default is made in the payment of any one or more of said monthly instalments, the same shall bear interest at the rate of six per cent per annum from the day of such default; and if such default continues for the space of six months or more, the said party of the first part shall have the right at its option to rescind said contemplated sale upon the following terms and conditions, viz: the first six months instalments shall be retained by the party of the first part as livuidated damages for the breach of this contract, and the remaining instalments which he has paid shall be returned to the said party ot the second part, or held subject to his call without interest."

The defendant filed an affidavit of defense which was as follows :

On October 11, 1898, plaintiff agreed to buy from defendants a lot of land therein mentioned for the sum of $1,170.84, payable in instalments.    A copy of the contract is hereto attached marked Exhibit " A."

This contract provides that the first twelve months' instalments shall be retained by the defendants as liquidated damages, in case of default by the plaintiff.

Under this contract the plaintiff paid nine instalments amounting to $275, between October 11, 1898, and June 1, 1899.

On June 15, 1899, plaintiff desired to purchase additional land, so as to give him a lot of greater width, and it was agreed that a new contract should be made covering the lot bought by plaintiff under the agreement of October 11, 1898, and the additional lot bought by him on June 15, 1899, and that the sum of $275 paid by plaintiff under the former agreement should be credited as the first month's instalment under the new agreement of June 15, 1899 ; under the latter agreement the price agreed to be paid for the land was $1,500, payable in instalments, and only the first six months' instalments were to be retained by the defendants in case of plaintiff's default.    This is the contract attached to plaintiff's statement and on which his suit is founded.

Under the latter contract the plaintiff paid only $330, three months' instalments (including the first instalment of $275), and then defaulted, and such default has continued ever since.

The amount of damages stipulated in the agreement, in the event of the plaintiff's default, is reasonable and just, and the actual injury to be suffered by the defendants was at the time of stipulation uncertain and not susceptible of being reduced to certainty by a legal computation; the actual damage suffered by the defendants, by plaintiff's breach, is fully equal to the amount stipulated.

The plaintiff has frequently admitted to the defendants the facts as above stated, and that he has no claim to the said sum of $330, whereupon defendants elected to retain said sum of $330 as liquidated damages.

All of which defendants expect to prove upon the trial of this case.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*C. H. Eimerman*, for appellants.

*William L. Chrisman*, for appellee.

OPINION BY BEAVER, J., March 14, 1902:

It is impossible, in the consideration of the sufficiency of the affidavit of defense in this case, to separate the agreements set forth in the plaintiff's statement and in the defendants' affidavit of defense respectively. In the latter, dated October 11, 1898, plaintiff agreed to purchase from defendants lots Nos. 10 and 11, two feet of No. 12, also eleven feet of No. 9, for the price or sum of $1,270.84. In the former, dated June 15, 1899, he agreed to purchase lots No. 10, 11 and 12 for the price or sum of $1,500. Two of the said lots so agreed to be purchased are the same in both agreements and in the latter one the whole of lot No. 12 is substituted for eleven feet of No. 9 and two feet of No. 12. The cash payment upon the later purchase consists of $275 paid under the first agreement, being "allowance for cash paid on old book this day canceled." This clause in the new agreement can be understood only as read in connection with the old. The balance was to be paid in monthly instalments of $30.00 each, on the first day of each month, until the whole amount is paid in full. Under the terms of the first agreement of purchase, if it had been canceled, the defendants would have been entitled to the entire amount paid, as liquidated damages, inasmuch as it is therein provided that "all payments made from date of purchase to a period of twelve months from the date of said purchase shall be retained by the party of the first part as liquidated damages, and the balance returned to the party of the second part." Under the provisions of the later contract, "the first six months' instalments shall be retained by the party of the first part, as liquidated damages for the breach of this contract, and the remaining instalments which he has paid shall be returned to the said party of the second part or held subject to his call without interest;

or the said party of the first part may, at its option, consider said contemplated sale in force and proceed to recover the said instalments and interest thereon by due process of law." The cash payment of $275 was unquestionably an instalment of the $1,500 purchase money agreed to be paid. It was not a regular monthly instalment, as provided for in the agreement, but the stipulation does not provide for the retention of monthly instalments but for "the first six months' instalments." An instalment, according to Bouvier, is "a part of a debt due by contract."

Whether the cash payment of $275 be regarded as one of the first six months' instalments, however, or not, the affidavit of defense specifically states that "the plaintiff has frequently admitted to the defendants the facts as above stated and that he had no claim to the said sum of $330, whereupon defendants elected to retain said sum of $330 as liquidated damages," by which said election it is to be presumed that the defendants gave up their right under the agreement to consider said contemplated sale in force and proceed to recover the said instalments and interest thereon by due process of law. Assuming this statement to be true, the plaintiff thereby secured immunity from a suit for the payment of the unpaid balance of the purchase money. Having secured this immunity, he should not now be allowed to repudiate the agreement under which it was obtained. We think the defendants should have an opportunity to substantiate this part of their contention before a jury.

Judgment reversed and a procedendo awarded.